UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHAD BARRETT,<br>*Plaintiff,*<br><br>v.<br><br>CORRECTION OFFICER MARQUEZ,<br>*Defendant.* | No. 3:25-cv-00022 (VAB) |

**INITIAL REVIEW ORDER**

Chad Barrett ("Plaintiff"), a sentenced inmate housed at Robinson Correctional Institution in the custody of the Department of Correction ("DOC"), has filed a *pro se* Complaint under 42 U.S.C. § 1983.

He brings this suit against Correction Officer Marquez ("Defendant") in his individual capacity for excessive force in violation of the Eighth Amendment to the United States Constitution and state law battery while he was housed at Corrigan-Radgowski Correctional Center ("Corrigan CC"). Compl., ECF No. 1 (Jan. 6, 2025) ("Compl.") It is not entirely clear whether Mr. Barrett was a pretrial detainee or a sentenced inmate at the time of the excessive force incident.[1]

---

[1] The Court may "take judicial notice of relevant matters of public record," *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012), and state court records, *Velasco v. Gonclavez*, No. 3:21-CV-1573 (MPS), 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022). The Connecticut Department of Correction ("DOC") website reflects that Mr. Barrett's latest admission date was June 10, 2022, and he was sentenced on October 19, 2022, and is now housed at Robinson Correctional Center. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=415857 (last visited April 8, 2025). The incident that led to Mr. Barrett's excessive force claim occurred on January 15, 2022. (Compl. at ¶ 2.) A review of the Connecticut State Court records shows multiple arrests and convictions for Mr. Barrett, including but not limited to, an October 18, 2018, conviction for larceny first degree with a sentence of "15 years jail, execution suspended after 42 months, probation 4 years[,]" a December 19, 2021 arrested leading to an October 19, 2022 conviction with a sentence of 90 days jail, and another October 19, 2022, conviction for violation of probation. https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx (last visited April 8, 2025). This District has found that "an individual who is not 'in custody,' including a probationer or parolee, cannot state an Eighth Amendment claim of deliberate indifference[,]" and instead, the claim should be analyzed under the Fourteenth Amendment. *Schlosser v. Elzea*, No. 3:19-CV-1380 (SRU), 2020 WL 887752, at *5 (D. Conn. Feb. 24, 2020) (collecting cases). Because it is

Accordingly, the Court will review Mr. Barrett's claim for excessive force under both the Eighth and Fourteenth Amendment.

For the following reasons, Mr. Barrett's claims shall **PROCEED** against Defendant for excessive force in violation of both the Eighth and Fourteenth Amendment and state law battery.

The Court notes that Mr. Barrett will ultimately be able to proceed only on **either** the Fourteenth Amendment excessive force claim **or** the Eighth Amendment excessive force claim, depending on his status as either a pretrial detainee or sentenced prisoner on the date of the incident.[2]

## I.    FACTUAL BACKGROUND & ALLEGATIONS[3]

On January 15, 2022, at approximately 10:07 a.m. at Corrigan CC, Correction Officer Marquez allegedly was conducting a routine tour within the "Alpha Pod." Compl. at ¶ 5. When Correction Officer Marquez allegedly arrived at Mr. Barrett's cell, Mr. Barrett allegedly asked "if the jail was on lockdown." *Id*. at ¶ 6. An argument allegedly ensued and Correction Officer Marquez allegedly claimed that Mr. Barrett "became verbally abusive by shouting obscenities . . . ." *Id*. at ¶ 7. During the argument, Correction Officer Marquez allegedly threatened Mr. Barrett by stating, "I'll punch you in your Fuckin Face, man." *Id*. at ¶ 8. Approximately three seconds later, Correction Officer Marquez allegedly punched through Mr. Barrett's cell door window and shattered the glass while Mr. Barrett was on the other side of the door. *Id*. at ¶¶ 9–10. "[G]lass projectiles" allegedly struck Mr. Barrett in his "left facial area and eye" causing him extreme pain. *Id*. at ¶ 11. Mr. Barrett allegedly suffered lacerations, and a shard of glass became lodged in his

---

not clear whether Mr. Barrett was a pretrial detainee or sentenced inmate on the date of the alleged violation, this Court will review his claim for excessive force under both the Eighth and Fourteenth Amendment.

[2] Correction Officer Marquez may want to move to dismiss the inapplicable claim after investigating Mr. Barrett's status on the relevant date.

[3] All factual allegations are drawn from Mr. Barrett's Complaint and attached exhibits, and are intended to be a summary rather than an exhaustive discussion of all of the allegations. *See* Compl.

left eye. *Id*. Mr. Barrett has provided a "Shift Commander Overview and Notification" document as an exhibit, which allegedly includes a statement from Correction Officer Marquez that he "struck the cell window with his right hand out of frustration and the cell window shattered." *Id*. at p. 9, Ex. 2.[4]

After Correction Officer Marquez allegedly punched through Mr. Barrett's cell window, the facility nursing staff and the on-call doctor allegedly determined that Mr. Barrett should be sent to Backus Hospital's emergency room for evaluation and treatment. *Id*. at ¶ 12. When Mr. Barrett allegedly arrived at Backus Hospital, one of the nurses allegedly diagnosed Mr. Barrett with a "facial laceration and foreign body of left eye." *Id*. at ¶ 13. The jail doctor allegedly, "cited the results of [Mr. Barrett's] examination and treatment at the emergency room, confirming that [Mr. Barret] did have a piece of glass in his left eye." *Id*. at ¶ 14.

For relief requested, Mr. Barrett seeks compensatory damages and an order for Defendant to issue a "written or verbal apology . . . for his action of criminal battery." *Id*. at p. 5.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint

---

[4] Mr. Barret has also provided exhibits labeled "Photograph Evidence," which depict "shattered glass pieces on [the] floor of A-Pod Cell 212." Compl. at 7–9, 18.

brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006))

(internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III. DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right, privilege, or immunity secured by the Constitution or the laws of the United States by a person acting under color of state law. *See Whalen v. County of Fulton,* 126 F.3d 400, 405 (2d Cir.1997) (citation omitted). As a result, "to hold a state official liable under § 1983" a plaintiff must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Mr. Barrett brings a claim against Correction Officer Marquez in his individual capacity for excessive use of force in violation of the Eighth Amendment and alleges that Defendant committed battery by punching him and causing injury. Compl. at ¶¶ 4, 15, 18. He also alleges that Correction Officer Marquez's actions violated various institutional administrative directives prohibiting physical abuse, and therefore, he cannot claim qualified immunity.[5] *Id*. at ¶ 19. Because it is not definitive whether Mr. Barrett was a pretrial detainee or a sentenced inmate when the excessive force incident occurred, this Court will review Mr. Barrett's excessive force claim under both the Eighth and Fourteenth Amendment.

---

[5] It does not appear that Mr. Barrett is attempting to bring a claim against Defendant for violations of DOC administrative directives. Even so, "[a] violation of or failure to follow an administrative directive does not state a claim of a violation of a federal or constitutionally protected right." *Jones v. Rodi*, No. 3:19-CV-1866 (VAB), 2020 WL 1820816, at *7–8 (D. Conn. Apr. 10, 2020); *see also Whitaker v. Evans*, No. 3:19-CV-1129 (MPS), 2019 WL 6700188, at *3 (D. Conn. Dec. 9, 2019) ("[D]efendants' failure to comply with prison regulations or administrative directives does not constitute a basis for relief under Section 1983 because 'a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983.'" (quoting *Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019))).

### A. The Eighth & Fourteenth Amendment Claim of Excessive Use of Force

The Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). An inmate claiming that excessive force has been used against him by a prison official has the burden of establishing both an objective and subjective component. *See Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

To meet the objective component of an excessive force claim, the inmate must allege that the defendant's conduct was serious enough to have violated "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted). The extent of the inmate's injuries as a result of the defendant's conduct is not a factor in determining the objective component. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (stating that the "core judicial inquiry" is "not whether a certain quantum of injury was sustained," but rather whether unreasonable force was applied given the circumstances); *Hudson*, 503 U.S. at 9 (finding that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated" irrespective of whether significant injury is present).

The subjective component of an Eighth Amendment excessive force claim requires the inmate to show that the prison officials acted wantonly and focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). For example, a plaintiff may satisfy the subjective element by showing that "no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct," as the mistreatment alone may, "in some circumstances, be sufficient evidence of a culpable state of mind." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) ("Where no legitimate law

enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind"); *see also Mustafa v. Pelletier*, 2023 WL 7537625, at *1 (2d Cir. Nov. 14, 2023); *McCants v. Vereen*, No. 3:24-CV-1360 (VAB), 2024 WL 5186724, at *3 (D. Conn. Dec. 20, 2024).

While claims of sentenced prisoners are cognizable under the Eighth Amendment, claims of pretrial detainees are cognizable under the Fourteenth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "A pretrial detainee's rights are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Kerr v. DelPeschio*, No. 3:19-CV-988 (VAB), 2024 WL 148241, at *4 (D. Conn. Jan. 12, 2024) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Pretrial detainees may not be punished in any manner because they have not yet been convicted of a crime. *Iqbal v. Hasty*, 490 F.3d 143, 168 (2d Cir. 2007) (citations omitted), *rev'd on other grounds by Iqbal*, 556 U.S. at 678. Accordingly, in cases involving pretrial detainees there is no need to determine when a punishment becomes unconstitutional. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). Notably, with respect to excessive force claims, pretrial detainees do not need to prove the subjective prong of analysis, *Darnell*, 849 F.3d at 34–35, and instead, only need to prove "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97.

Mr. Barrett has met the objective component for an excessive force claim under both the Eighth and Fourteenth Amendment because Correction Officer Marquez's alleged use of force was allegedly unreasonable and serious enough to have violated contemporary standards of decency. Correction Officer Marquez allegedly purposefully punched through the glass window knowing Mr. Barrett was on the other side of the glass. Compl. at ¶¶ 7, 9–10. As a result of these alleged actions, Mr. Barret allegedly sustained injuries to his face and eye causing him extreme

7

pain. *Id*. at ¶¶ 9–11. Mr. Barret has also satisfied the subjective component for an excessive force claim under the Eighth Amendment because there allegedly was no legitimate penological reason for Correction Officer Marquez to punch through Mr. Barrett's cell window. In fact, Correction Officer Marquez allegedly told Mr. Barrett he would "punch [him] in [his] Fuckin Face[,]" seemingly without being provoked, and in the "Shift Commander Overview and Notification" Defendant admitted he struck the cell window out of frustration. *Id*. at ¶ 8; Ex. 2 at p. 9.

Accordingly, Mr. Barrett has met all of the elements necessary to plead a plausible claim for excessive force against Defendant under both the Eighth and Fourteenth Amendment.

### B. The State Law Claim of Battery Claim

A federal court can exercise supplemental jurisdiction over a state law claim if: "(1) there is a claim arising under the [federal] constitution or federal laws; (2) the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on the court; and (4) the state and federal claims derive from a common nucleus of operative fact." *Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989) *abrogated on other grounds*, *Graham v. Connor*, 490 U.S. 386 (1989) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966))

The Court construes Mr. Barret's Complaint to raise a state law claim of battery that falls within the Court's supplemental jurisdiction. In Connecticut, "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *German v. Dzurenda,* No. 3:09-

cv-1316 (SRU), 2011 WL 1214435, at *22 (D. Conn. Mar. 28, 2011) (alteration in original) (quoting *Alteiri v. Colasso*, 362 A.2d 798, 801, n.3 (Conn. 1975)).

Mr. Barrett alleges that Correction Officer Marquez acted criminally by admittedly punching the window, thereby shuttering it and consequently causing physical injury . . . [and] committing battery via punching at [him] and successfully causing physical injury." Compl. at ¶¶ 16–17. Although Mr. Barret alleges that Correction Officer Marquez acted criminally, the Court construes Mr. Barrett's claim as a civil action for state law battery.[6]

Accordingly, for purposes of initial review, the Court will permit Mr. Barrett to proceed on his claim of state law battery against Defendant for further development of the record. *See Jean-Baptiste v. Froehlich*, No. 3:21-CV-1482 (VAB), 2024 WL 4581653, at *7 (D. Conn. Oct. 25, 2024) (retaining supplemental jurisdiction over state law battery claim against defendant where federal claim remained for excessive force under Section 1983).[7]

## IV. ORDERS

For the foregoing reasons, the Court enters the following orders:

(1)     The case shall **PROCEED** against Correction Officer Marquez in his individual capacity for excessive force in violation of the Eighth and Fourteenth Amendment and for state law battery.

---

[6] "The Second Circuit has rejected the notion that a federal court may compel state prosecutors to initiate criminal prosecutions for violations of state law." *Jacques v. Gomes*, No. 3:21-CV-804 (VAB), 2022 WL 17551463, at *5 (D. Conn. Dec. 9, 2022); *see also Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 382 (2d Cir. 1973) ("The very elaborateness of the relief believed by plaintiffs to be required indicates the difficulties inherent in judicial supervision of prosecutions, federal or state, which render such a course inadvisable.").

[7] Mr. Barrett also requests that this Court order Defendant to issue a "written or verbal apology." Compl. ¶ 18. This is not a remedy that this Court has the power to order, and so, this Court cannot order Defendant to apologize. *See, e.g., Miller v. Town of Morrisville*, No. 5:15-CV-00184, 2015 WL 4994175, at *2 (D. Vt. Aug. 20, 2015) ("At the outset, the court notes that it has no authority to order defendants to apologize or admit that racism and discrimination are real."); *Kitchen v. Essex Cty. Corr. Facility*, No. 12-2199 (JLL), 2012 WL 1994505, at *4 (D.N.J. May 31, 2012) (holding that "[t]he remed**y** of 'apology' . . . is not cognizable, either within the meaning of a § 1983 action or as a general legal remedy that a court has the power to order, under any provision").

(2) The Clerk of Court shall verify the current work address of Defendant, with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint and all attached exhibits and this Order to Defendant at his confirmed address by **June 6, 2025**, and report on the status of the waiver request by **June 20, 2025**. If the Defendant fails to return the waiver request, the Clerk of Court shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on Defendant, and Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and to Terrence O'Neill at the Office of the Attorney General via email and by mail to 165 Capitol Avenue, Hartford, CT 06106.

(4) In accordance with Federal Rule of Civil Procedure 4(d)(3) and 12(a)(1)(A)(ii), if Defendant accepts service by waiver request he shall file a response to the Complaint by **August 1, 2025**. Alternatively, in accordance with Federal Rule of Civil Procedure 12(a)(1)(A)(i), if Defendant is served by summons, then he shall file a response to the Complaint within **21 days** after being served with the summons. If Defendant chooses to file an Answer, he shall admit or deny the allegations in the Complaint and respond to the cognizable claims recited above. Defendant may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by **December 5, 2025**. Discovery requests need not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed by **January 9, 2025**.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Mr. Barrett changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Mr. Barrett must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Barrett has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendant or defense counsel of his new address.

(10) Mr. Barrett shall utilize the Prisoner E-filing Program when filing documents with the Court. Mr. Barrett is advised that the Program may be used only to file documents with the Court. Local Court Rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendants' counsel by regular mail.

**SO ORDERED** at New Haven, Connecticut, this 16th day of May, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE